**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Marie Johnson, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Penn Credit Corporation, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Marie Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      Plaintiff, Marie Johnson (hereafter "Plaintiff"), is an adult individual whose residence is in Randallstown, MD, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Penn Credit Corporation, (hereafter "Defendant"), is a Pennsylvania corporation with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      A financial obligation was incurred that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from "Yolanda Johnson."

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant called the Plaintiff at least two times every day.

10.     The Defendant called the Plaintiff on weekends.

11.     The Defendant repeatedly attempted to collect "Yolanda Johnson's" debt from the Plaintiff despite the Plaintiff telling the Defendant that she does not know Yolanda Johnson.

12.     The Defendant continued to call the Plaintiff after the Plaintiff requested that the Defendant stop calling the Plaintiff.

13.     The Defendant left messages for the Plaintiff disclosing that she owed a debt.

14.     The Defendant was rude and abusive to the Plaintiff during the telephone conversation.

15.     The Defendant called the Plaintiff using a private number in order to deceive the Plaintiff to answer the phone.

16.     The Plaintiff suffers from high blood pressure and the Defendant's continued harassment has caused her to suffer extreme anxiety.

17.     The Plaintiff suffers extreme anxiety each time she answers the phone due to the Defendant's harassment.

18.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

21.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22.     The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

23.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE COMM. LAW § 14-201,** *et seq.*

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

27.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

28.     The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

29.     The Defendant used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

30.     The Defendant attempted to claim and enforce a right which the Defendant did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

31.     The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

32.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

36.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to her home to collect a third party's debt.

37.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

38.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD.Ann.Code. Bus. Reg. § 7-401(b);

6. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

7. Punitive damage; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 8, 2009

Respectfully submitted,

By _/s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)

2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com


<u>Of Counsel To</u>
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666